NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBRA FESCO,<br><br>Plaintiff,<br><br>v.<br><br>DARBY DEVELOPMENT, LLC, GOURMET DINING, LLC, BAM MANAGEMENT AT MONMOUTH PARK, KEVIN MARKLAND, ADM, RICHARD FASANO, PADDOCK'S SPORTS BAR, "ABC" FOOD AND ALCOHOLIC BEVERAGE MANAGEMENT COMPANY, INC., AND "GHI" EMPLOYER LOSS PREVENTION COMPANY, INC., JOHN DOE 1-5 (fictitious entities whose exact identities are presently unknown to plaintiff),<br><br>Defendants. | Civil Action No. 13-7129 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

Presently before the Court is Defendants' Darby Development, LLC ("Darby"), Gourmet Dining Enterprises, LLC d/b/a BAM Management[1] ("Gourmet"), and Kevin Markland ("Mr. Markland") (collectively "Defendants") motion to dismiss Plaintiff Debra Fesco's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #8]. Plaintiff only opposes dismissal of the malicious prosecution claim [docket #17]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

[1] Gourmet Dining Enterprises LLC d/b/a BAM Management was improperly pled in the Complaint as two (2) separate legal entities: Gourmet Dining LLC and BAM Management at Monmouth Park.

For the reasons that follow, this Court GRANTS in part and DENIES in part Defendants' motion to dismiss [docket #8].

## I. BACKGROUND

Plaintiff's Complaint, received by the Court on November 22, 2013 [docket #1], consists of six (6) causes of action against Defendants relating to Plaintiff's termination of employment: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) breach of a collective bargaining agreement; (4) malicious prosecution; (5) intentional infliction of emotional distress; and (6) a violation of the New Jersey Law Against Discrimination. The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff alleges that she has worked at the Monmouth Park Racetrack as a bartender for thirty-four (34) years. Complaint ("Compl.") at ¶ 1. According to Plaintiff, Darby is the owner and operator of the Racetrack, a public thoroughbred racetrack in Oceanport, New Jersey. Compl. ¶¶ 2–3. Plaintiff alleges that on May 3, 2012, Gourmet assumed a contract previously held by Aramark to provide all food and beverage services at the bars and restaurants within the Racetrack, and also assumed Aramark's obligations under a collective bargaining agreement ("CBA") with the UNITE HERE Local 100 Union which represents all non-supervisory employees employed at the Racetrack by Gourmet. Compl. ¶¶ 7–8. Plaintiff alleges that she was a member of the Union. Compl. ¶ 21.

In the weeks leading up to Gourmet's assumption of the food and beverage operations at the Racetrack, Mr. Markland, the General Manager of Gourmet, and other company managers observed that employees worked out of open cash registers and tip jars, there was very little record-keeping to document inventory control, the cash registers were not digitally equipped, and cameras were not installed to monitor cash register transactions. Compl. ¶¶ 9, 16–17. Plaintiff alleges that,

on May 12, 2012, a live thoroughbred racing day, Gourmet retained ADM Security Services, a private security company, to place several investigators at high traffic cash exchange areas throughout the Racetrack to observe cashier transactions. Compl. ¶¶ 10–11, 18. After the race day, Plaintiff was terminated. Compl. ¶ 20. Further, on June 12, 2012, Mr. Markland filed a complaint against Plaintiff in Oceanport Borough Municipal Court for theft. Compl. ¶ 35.

Plaintiff alleges that Defendant failed to properly investigate the theft of alcohol and to provide Plaintiff with written practices and procedures that were against company policy and would lead to discipline. Compl. ¶¶ 20, 22. As such, after her discharge, Plaintiff filed a grievance through the Union adhering to the grievance and arbitration procedure outlined in the CBA, which provides for final and binding arbitration if disputes cannot be settled. Compl. ¶ 23. The parties arbitrated Plaintiff's discharge and on March 18, 2013, the Arbitrator issued his Decision and Award in which he ordered that Plaintiff be reinstated to her position and be made whole for lost wages and benefits. Compl. ¶ 23. Thereafter, Plaintiff filed her Complaint in the Superior Court of New Jersey, Law Division in Monmouth County, which Defendant removed to this Court.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Moreover, a defendant may remove an action brought in state court to the appropriate federal district court if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). In order to remove the matter to the district court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." *See* 28 U.S.C. § 1446(a); *Peters v. Stop & Shop*, CIV.A. 13-6085 JAP, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013). However, "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Peters*, 2013 WL 5781199, at *2 (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987))).

Where removal is based on federal question jurisdiction, the Court may exercise supplemental jurisdiction over a plaintiff's state law claims. The purpose of supplemental jurisdiction is to allow "federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Walker v. City of Trenton*, CIV. 11-7231 JAP, 2013 WL 353346, at *6 (D.N.J. Jan. 29, 2013) (citing *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted)). However, "[w]here a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Walker*, 2013 WL 353346, at *6 (citing *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir.1993)). Considerations of "judicial economy, convenience, and fairness to the litigants" should enter the district court's analysis in exercising its discretion to decline to exercise supplemental jurisdiction. *Growth Horizons*, 983 F.2d at 1284 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Walker*, 2013 WL 353346, at *6. Furthermore, when a district court dismisses all federal claims early in the litigation, it will "generally decline to exercise supplemental jurisdiction over state claims." *Walker*, 2013 WL 353346, at *6 (citing *United Mine Workers v. Gibbs*, 383 U.S. at 726; *Growth Horizons*, 983 F.2d at 1284–85).

**b. Analysis**

Defendants contend that Plaintiff's claims against Gourmet are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Plaintiff ultimately conceded that five (5) of her six (6) claims—excluding the malicious prosecution claim—are governed by the CBA and preempted by Section 301 of the LMRA [docket #17]. Section 301 of

the LMRA states that "[s]uits for violation of contracts between an employer and labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). This provision has been interpreted "as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).

The Court agrees with the parties that a state law claim for breaching the terms of a CBA is preempted by Section 301 of the LMRA. See *Wilkes-Barre Pub. Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.2d 372, 380 (3d Cir. 1981). Section 301 of the LMRA also preempts state law contractual claims when those claims are based on rights created under a CBA. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 23 (1983) (". . . the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."). Similarly, in the event that a tort claim "is inextricably intertwined with consideration of the terms of the labor contract," *Cole v. Pathmark of Fairlawn*, 672 F. Supp. 796, 800 (D.N.J. 1987) (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202 (1904)), it may be "dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). In order to prevent plaintiffs from reconstructing contract claims as tort claims solely to avoid preemption, a court should look not to "how the complaint is cast, but whether those claims can be resolved only by reference to the terms of the collective bargaining agreement." *Id.* at 213. As such, Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of the CBA, intentional infliction of emotional distress, and violation of New Jersey Law Against Discrimination are preempted by § 301 and therefore dismissed with prejudice.

Plaintiff contends that the malicious prosecution claim does not relate to the CBA and is separate from the other five (5) claims. The District of New Jersey considered similar facts and legal arguments in *Cole v. Pathmark of Fairlawn*, 672 F. Supp. 796, 800 (D.N.J. 1987). In *Cole*, the Plaintiff alleged a breach of an employment contract without good cause, notice, or hearing, in addition to false imprisonment, instigation and/or institution of criminal proceedings without probable cause, and tortious interference with her contractual rights. *Cole*, 672 F. Supp. at 798. The Court assumed that Plaintiff's claim for breach of the employment contract without good cause, notice, or hearing constituted a claim "under § 301 of the [LMRA] for breach of a [CBA]." *Id.* at 799. As such, Plaintiff's claim for tortious interference with contract was preempted by § 301 because it stemmed directly from the collective bargaining relationship to which she and her employer had agreed. *Id.* at 801–02. Importantly, however, the Court found that Plaintiff's claims for false arrest and malicious prosecution did not result from her discharge and were thus not preempted by § 301. *Id.* at 802–03; *see also id.* at 803 n.3 ("Stated another way, plaintiff's claims for false arrest and malicious prosecution (and the injuries resulting therefrom) are predicated upon her status as an arrestee, not as an employee.").

Here, Plaintiff's claim for malicious prosecution did not result from her discharge and similarly, Plaintiff's alleged injuries did not result from her status as an employee, but rather, resulted from her status as an arrestee. Therefore, Plaintiff's claim for malicious prosecution is not preempted by § 301. This claim was originally filed in state court and removed to federal court in connection with claims that, as stated above, are dismissed. Accordingly, there is no longer a basis for federal jurisdiction and it is within this Court's discretion to determine whether to hear the malicious prosecution claim or remand it to the state court from which it was removed. *See Cole*, 672 F. Supp. at 807; *see also Murphy v. Kodz*, 351 F.2d 163, 167–68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial

commitment of judicial resources to the nonfederal claims it is, . . . akin to 'making the tail wag the dog' for the District Court to retain jurisdiction."). In considering the circumstances of this case, the Court declines to exercise supplemental jurisdiction and Plaintiff's malicious prosecution claim is remanded to the Superior Court of New Jersey, Law Division, Monmouth County. *See Cole*, 672 F. Supp at 807 (after dismissing federal claims, the Court exercised its discretion to decline to retain jurisdiction over pendent state law tort claims, which were remanded back to state court).

## III. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendants' motion to dismiss the following claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) breach of the collective bargaining agreement; (4) intentional infliction of emotional distress; and (5) violation of the New Jersey Law Against Discrimination; and DENIES Defendants' motion to dismiss Plaintiff's claim for malicious prosecution and accordingly REMANDS this claim to the Superior Court of New Jersey, Law Division, Monmouth County. An appropriate Order accompanies this Opinion.

Dated: July 18, 2014

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.